UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACK ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br>　　　Plaintiff,<br><br>V.<br><br>S.B. SOUTHERN WELDING, L.L.C. and SHANE BOSTON,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:14-cv-00327<br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION AND JURY DEMAND

1.　Defendants S.B. Southern Welding, L.L.C. and Shane Boston (collectively "Defendants") required Plaintiff Jack Roberts ("Plaintiff") to work more than forty (40) hours in a workweek as a welder. Defendants misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked.

2.　Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3.　Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former hourly-paid workers who performed welding work for Defendants throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice. Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas, Austin Division because a substantial portion of the events forming the basis of this suit occurred in this District and Division, and Defendants do a significant percentage of their business in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Jack Roberts is an individual residing in Ellis County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The "Class Members" are all current and former hourly-paid workers classified as independent contractors who performed welding work for Defendants throughout the United States during the three-year period before the filing of this Complaint up to date the Court authorizes notice.

8. Defendant S.B. Southern Welding, L.L.C. is a domestic for-profit limited liability company that may be served with process through its registered agent Gregory S. Boston, 14979 FM 916, Maypearl, Texas 76064.

9. Defendant Shane Boston is an individual that resides in Texas. Defendant Boston may be served process at 14979 FM 916, Maypearl, Texas 76064.

10. This Court has personal jurisdiction over both Defendants because they are residents of Texas.

## FLSA COVERAGE

11. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

16. At all times material to this action, Defendant Boston has been the owner and president of Defendant S.B. Southern Welding, L.L.C.

17. At all times material to this action, Defendant Boston has had the authority over personnel decisions for Defendant S.B. Southern Welding, L.L.C.

18. At all times material to this action, Defendant Boston has had the ability to hire and fire employees for Defendant S.B. Southern Welding, L.L.C.

19. At all times material to this action, Defendant Boston supervised the daily work of employees at Defendant S.B. Southern Welding, L.L.C.

20. At all times material to this action, Defendant Boston determined the rate of pay for Plaintiff and Class Members.

21. At all times material to this action, Defendant Boston classified and paid Plaintiff and Class Members as independent contractors.

22. As such, Defendant Boston is an employer within the meaning of Section 3(d) of the FLSA and is individually liable for any judgment assessed in this action.

## FACTS

23. Defendant S.B. Southern Welding is headquartered in Waxahachie, Texas. It does business under the trade name Southern Welding and Millwrights.

24. Defendants provide welding services throughout Texas and the United States.

25. Plaintiff Roberts was employed by Defendants from December of 2007 until September 2013 as a welder.

26. Plaintiff worked a set schedule for Defendants, typically five or six day weeks and 50 to 80 hours a week.

27. Defendants dispatched Plaintiff on welding assignments all over the state of Texas and to other states, including Louisiana, Oklahoma, Georgia, Wyoming, Nevada, and California.

28. Plaintiff's primary work was fabrication and welding repairs at steel mills, concrete plants, and other industrial facilities.

29. For compensation, Plaintiff was paid a set hourly rate regardless of the amount of hours actually worked. That is, Defendants paid Plaintiff straight time for his overtime hours.

30. Defendants accomplished this underpayment by classifying Plaintiff as an independent contractor.

31. Plaintiff is not the only employee subject to Defendants' misclassification scheme. Dozens of other welders work for Defendants and are classified as independent contractors. Like Plaintiff, these other welders are denied overtime compensation for the significant number of overtime hours they work each week.

32. While working for Defendants in Texas and around the country, Plaintiff Roberts interacted with other welders and became familiar with the way Defendants treats their other employees with respect to overtime pay and that it misclassifies such workers as independent contractors. Therefore, Plaintiff Roberts has first-hand personal knowledge of the same pay violations throughout Defendants' operation at multiple geographical locations.

33. Defendants paid Plaintiff and Class Members on an hourly basis.

34. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

35. In addition, Defendants instructed Plaintiff and Class Members about when, where, and how they were to perform their work.

36. Moreover, the following conduct further demonstrates that Defendants acted as the employer of Plaintiff and Class Members:

   a. Defendants required Plaintiff and Class Members to turn in the hours they worked once a week just like normal hourly-paid employees. Their time was submitted on a company promulgated invoice sheet;

   b. Defendants paid Plaintiff and Class Members on a non-negotiable hourly rate it unilaterally set;

   c. Defendants required Plaintiff and Class Members to report to their assigned welding location at a set time;

   d. Plaintiff and Class Members had no control over which welding assignment they were assigned to work;

e. Defendants required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

f. Defendants issued work orders to Plaintiff and Class Members;

g. Defendants provided safety training to Plaintiff and Class Members instructing them how to perform their work and required that Plaintiff and Class Members obtain OSHA certifications;

h. Plaintiff and Class Members faced termination if they failed to attend these regular meetings;

i. Defendants assigned Plaintiff and Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

j. Defendants controlled the amount of hours Plaintiff and Class Members worked;

k. Defendants dictated the locations at which Plaintiff and Class Members worked;

l. Plaintiff's and Class Members' services were integrated into Defendants' operations;

m. Plaintiff and Class Members were required to perform their work in an order set by Defendants;

n. Plaintiff and Class Members worked for Defendants for long periods of time, often years, as is common with employees. Plaintiff Roberts worked exclusively for Defendants for nearly six years. Other welders worked for exclusively for Defendants for a similar amount of time;

o. Defendants had rules that Plaintiff and Class Members were required to follow when performing their jobs;

    p. Defendants' paid Plaintiffs and Class Members a predetermined rate for travel and a per diem when they worked away from home, as is typical of an employer-employee relationship;

    q. The welding work performed by Plaintiff and Class Members requires only moderate skill;

    r. Defendants required Plaintiff and Class Members to attend company meetings; and,

    s. Defendant maintained the right to discharge Plaintiff and Class Members at will.

37. A substantial portion of Defendants' annual revenue is derived from work performed by Plaintiff and Class Members.

38. Plaintiff and Class Members do not independently advertise their services or hold themselves out to the public as available for hire.

39. Defendants do not solicit bids from Plaintiff or Class Members. Instead, Defendants pay a straight hourly rate.

40. Defendants provided Plaintiff and Class Members with steady, reliable work over a substantial period of time.

41. As a matter of economic reality, Plaintiff and Class Members are not in business for themselves.

42. Despite these facts, Defendants improperly classified Plaintiff and Class Members as independent contractors and not employees.

43. However, at all times, the welders and other similarly situated workers were employees of Defendant, as that term is defined under the FLSA and interpretative case law.

44. Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

45. Instead, Plaintiff and Class Members were paid a flat hourly rate for all hours worked, regardless of how many hours they actually worked.

46. No FLSA exemption applies to hourly-paid employees such as Plaintiff and Class Members.

47. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

48. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendant's violations of the FLSA are willful.

## VIOLATION OF 29 U.S.C. § 207

49. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

50. Defendants' practice of failing to pay Plaintiff and Class Members a time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

51. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

53. Plaintiff Roberts' knowledge is based on his personal work experience and through communications with other workers of Defendants while performing work throughout Texas and the United States.

54. Other hourly paid workers similarly situated to the Plaintiff work for Defendants throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

55. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

56. Defendants have classified and continue to classify Class Members as independent contractors.

57. Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

58. Class Members are not exempt from receiving overtime pay under the FLSA.

59. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, their misclassification as independent contractors and/or the denial of overtime pay.

60. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

61. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

62. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

63. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

64. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused financial harm to all Class Members.

65. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former hourly-paid workers classified as independent contractors who performed fabrication or welding work for Defendants throughout the United States during the three-year period before the filing of this Complaint up to the present.

## DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

66. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

67. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages.

68. Plaintiff and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA.

## JURY DEMAND

69. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

70. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

c. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and,

d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Gabriel A. Assaad
    Gabriel A. Assaad
    Gassaad@kennedyhodges.com
    State Bar No. 24076189
    Federal Bar No. 1374492
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF